### 31105. JOHNSON v. SAVANNAH TRIBUNE, INC.

GUNTER, Justice.

Plaintiff-appellant sought below to enjoin the defendant-appellee from using the name *Savannah Tribune.* Appellee's motion for a summary judgment was granted, and the appellant has come here for review.

The appellant was the owner of a newspaper, the *Savannah Tribune,* from 1954 to 1960. The newspaper had been in publication since 1875. In September of 1960, the appellant printed her last issue and turned the files of the newspaper over to the library at Savannah State College. The motive for her decision was unclear. Appellant maintained that the move was made to perpetuate the paper for posterity, and, that although she had ceased publication, she "still had the good will which was valuable." On the other hand, the appellee produced evidence to show that the enterprise had been ended due to its financial difficulties. Appellant has not published any newspaper under the name *Savannah Tribune* since 1960, and all of the equipment and trade fixtures associated with the publication were sold shortly after its final issue.

In 1973 the appellee began publishing a newspaper under the name *Savannah Tribune,* and this name was properly registered under the Georgia Trademark Statute. Approximately eighteen months after this publication was begun, the appellant brought suit in Chatham Superior Court to enjoin the use of the name *Savannah Tribune.*

The first enumerated error contends that whether appellant had abandoned the use of the name *Savannah Tribune* was a question of fact and should not have been decided on a motion for summary judgment. As we read the summary judgment evidence, it was undisputed that the appellant had not used the name *Savannah Tribune*

for approximately fifteen years at the time her action for injunction was brought. Furthermore, it shows that the appellee corporation was organized, the name was registered by it, and the name was used by it for approximately eighteen months before appellant brought her action.

Under the facts disclosed by this record, we conclude that the evidence demanded a judgment in favor of the appellee. Therefore, the trial court's judgment is affirmed.

Having reached this conclusion on this issue, the other two enumerated errors have no merit and require no treatment in this opinion.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED MAY 10, 1976 — DECIDED SEPTEMBER 8, 1976.

*John J. Sullivan, Robert Paul Phillips, III,* for appellant.

*Edward R. Downs, Jr., Charles W. Bell,* for appellee.